

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2006

# USA v. Dacua

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2517

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Dacua" (2006). *2006 Decisions*. Paper 1051.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1051

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2517

———————

UNITED STATES OF AMERICA

v.

PAMFILO DACUA,
a/k/a MICHAEL MONTOYA

Pamfilo Dacua,
            Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 04-cr-00774
(Honorable Berle M. Schiller)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 27, 2006

Before: SCIRICA, *Chief Judge*, NYGAARD and ALARCÓN*, *Circuit Judges*

(Filed: May 24, 2006)

———————

OPINION OF THE COURT

———————

———————

   *The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

SCIRICA, *Chief Judge*.

Pamfilo Dacua appeals his criminal sentence. We have jurisdiction under 28 U.S.C § 1291 and 18 U.S.C. § 3742(a). We will affirm.

On November 19, 2003, Dacua informed the FBI that he had been approached by an individual, Ahmed, who sought his assistance in smuggling VX, a nerve agent, into the United States. In reality, no such plot existed. Dacua fabricated the story in the hopes of obtaining a place in the witness protection program for his "assistance" in revealing the alleged VX plot. Dacua used the name of a real person, lending some credibility to his story. To further his scheme, Dacua set up "meetings" with the fictitious Ahmed and another invented person, Didi, a drug source allegedly provided by Ahmed. The FBI prepped Dacua for each meeting, outfitted him with a body recorder, and conducted surveillance, but all to no avail. Neither Ahmed nor Didi showed up. Dacua also recruited friends to play the parts of Didi and Ahmed in several scripted recordings, made for the benefit of the agents he hoped to deceive.

In late December 2003, the FBI confronted Dacua and advised him of their doubts about the veracity of his story. Dacua continued to lie to the FBI, inventing further facts in support of his scheme. But later, when the authorities confronted Dacua again, he confessed to having fabricated the story for his own interests.

On December 9, 2004, Dacua was charged with three counts of making false statements in violation of 18 U.S.C. § 1001(a)(2). At the plea colloquy, Dacua pleaded guilty to all counts, and admitted to the facts as presented by the government. The

2

presence report (PSR) designated an adjusted offense level of 10 and a criminal history score of VI — adding two points for Dacua's leadership role in recruiting two people to assist in making the fake recordings, and two more points for obstruction of justice based on Dacua's lies to the FBI in December 2003, when he was first confronted about his story. In light of the obstruction of justice recommendation, the Probation Office declined to recommend a reduction for Dacua's eventual acceptance of responsibility.

Dacua made several objections to the PSR, including to the obstruction of justice and leadership role adjustments. He also asserted entitlement to a reduction for acceptance of responsibility. Finally, he filed a motion for downward departure based on his alleged cooperation with state authorities in a separate homicide case. Dacua asserted his testimony in the state trial led to a double murder conviction, although he presented no witnesses to bolster this claim.[1]

At the sentencing hearing, the District Court awarded upward adjustments for obstruction of justice and leadership role, but granted Dacua's request for credit for acceptance of responsibility. The District Court also denied Dacua's motion for a downward departure. As a result, the court placed Dacua at a total offense level of 8, with a criminal history score of VI, resulting in an advisory guidelines range of 18 to 24 months. The government urged the court to sentence Dacua at the high end of the range, in view of Dacua's exploitation of a particularly sensitive issue of national concern

---

[1]Dacua's counsel asserted he subpoenaed a detective involved in the state case, but the detective did not appear to support the motion.

(terrorism), the danger he caused by implicating real individuals in his plot, and the resources expended in responding to his fabricated story. The District Court sentenced Dacua to 22-months' imprisonment, stating the sentence reflected the considerations listed in 18 U.S.C. § 3553(a). The court noted it considered Dacua's cooperation in the state case in declining to sentence him at the very top of the advisory guidelines range.

On appeal, Dacua challenged the District Court's decisions declining to depart downward for cooperation and assessing the two-level upward adjustment for obstruction of justice.[2] The government asserted we did not have jurisdiction to review either the reasonableness of Dacua's sentence or the District Court's decision not to depart. We requested further briefing from the parties to determine the impact of this Court's decision in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), on Dacua's appeal.

In response, the government concedes (as it must) our jurisdiction to review Dacua's sentence for reasonableness under *Cooper*, 437 F.3d at 327, although it contends we must review for plain error because Dacua did not object to his sentence as unreasonable at trial. This argument is meritless. Dacua raised before the District Court the particular grounds he now asserts justify a lighter sentence. This is all that is required under *Cooper*. *Id.* at 329 (noting a sentence may be found unreasonable "if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it") (quotation omitted).

---

[2]Dacua does not challenge on appeal the leadership role adjustment to his sentence.

Dacua now urges us to remand for re-sentencing because it is not clear from the record "if the District Court granted the downward departure motion." (Appellant's Letter Br. 2.) There is no confusion in the record on this point. The District Court expressly denied the downward departure motion, but took Dacua's cooperation into account in imposing sentence. (App. 78, 80.)

We also reject Dacua's original challenges to the District Court's downward departure and obstruction of justice decisions. We do not have jurisdiction to review a district court's decision not to depart downward. *See Cooper*, 437 F.3d at 322–33. And Dacua's argument that his "stupidity" at the December 2003 interview, as he describes it, rebuts the obstruction of justice adjustment is meritless. When confronted by the FBI, Dacua did more than deny his previous crimes, he fabricated additional facts in furtherance of his scheme.

The District Court's sentence was not unreasonable. The court engaged in a thorough inquiry into the facts of Dacua's case. Accordingly, we will affirm the judgment of sentence.

5